HYATT COAL COMPANY, Appellant, v. J. R. APPERSON, Respondent.

Kansas City Court of Appeals, November 19, 1906.

1. SETTLEMENT: Payment: Evidence. On the evidence a certain adjustment and payment is held to be a payment on account and not a settlement of the account.

2. APPELLATE PRACTICE: Instruction: Evidence. Where the instructions submit the case and the evidence supports the verdict, the appellate court will not interfere.

Appeal from the Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

AFFIRMED.

*George W. Groves* for appellant.

(1)  The verdict was not sustained by any substantial evidence. Wilson v. Russler, 91 Mo. App. 275. There would be no more consideration for such an agreement than if a party to whom a sum of money was due agreed with the debtor to accept a less amount in full payment of the debt. Willis v. Gammill, 67 Mo. 730. (2)  There is no reasonable presumption that because the coal weighed a certain amount when the cars were unloaded by respondent that it did not weigh more when it was delivered to respondent in the terminal yards at St. Joseph, Missouri. Jarvis v. Vanderford, 116 N. C. 147; Martin v. Curtis, 67 Vt. 263; Pagett v. Curtis, 15 La. Ann. 451; Coal Co. v. Bradwood, 72 Ill. 625; Waddingham v. Waddingham, 21 Mo. App. 209; Cargile v. Wood, 63 Mo. 501; Diel v. Stegner, 56 Mo. App. 535. (3) The court submitted this cause to the jury notwithstanding that the parties on the 27th day of April, 1904, had a general settlement of accounts and at that time respondent paid in full for all coal he had purchased from appellant prior to that date and at the time of settlement made no claim or demand for shortage.

*Eastin, Corby & Eastin* for respondent.

(1)  On the first point, respondent testified that he bought the coal by actual weight; that he weighed all the coal he bought, and when he found a car that ran short of its supposed weight, he notified appellant's officer, Mr. Hyatt, who told him the shortage would be made up. Appellant's witnesses did not testify that the coal was sold mine weights. But if they had done so, the jury had the right to disbelieve them, and to believe respondent's witnesses. (2)  Point 2 of appellant's brief is not pertinent. (3)  Point 3 is addressed to the alleged compromise. This is another question of fact.

The instruction leaves the issue to the jury and the verdict settles it. If it was error appellant invited it and cannot complain.

ELLISON, J.—Plaintiff's action, begun before a justice of the peace, is for coal sold and delivered to defendant. Defendant filed a counterclaim whereby he claimed a shortage in weights. On a trial in the circuit court, where the cause had been taken by appeal, defendant obtained a verdict on his counterclaim and plaintiff has brought the case here.

We cannot find anything in the record which would authorize or justify us in interfering with the result reached in the trial court. Plaintiff, who is a wholesale dealer, contended that defendant, who is a retail dealer, bought the coal under a custom existing in the city of St. Joseph to buy and sell coal in carload lots by weights at the coal mine. Plaintiff further contended that he and defendant had a settlement of the account up to a certain date. The evidence in defendant's behalf tended to support the amount of his counterclaim and also to support his claim that he did not purchase under any custom, but bought by the ton. It further tended to show that the weights being discovered to be short from time to time, he notified plaintiff and received assurances that it would be made good.

On the question of settlement between the parties the clear inference from defendant's evidence is that while what is termed a settlement was had it did not include the short weights, as defendant was yet continuing in business and receiving assurances that the weights would be made good. Evidently what is termed a settlement was merely a payment on account up to the date of payment.

There was no peremptory instruction asked and all instructions requested by plaintiff were given. They included the question of custom and of settlement. The

jury have found the facts for the defendant and the record discloses that such finding has evidence to support it; we therefore affirm the judgment. All concur.